# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

ANTHONY J. CUNNINGHAM,      :    Case No. 2:24-cv-291
                       :
       Petitioner,           :
                       :    Judge Algenon L. Marbley
vs.                       :    Magistrate Judge Chelsey M. Vascura
                       :
WARDEN, MADISON          :
CORRECTIONAL INSTITUTION,    :
                       :
       Respondent.         :

## OPINION AND ORDER

Petitioner, a state prisoner proceeding without the assistance of counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). This matter is before the Court on the Petition and Respondent's Motion to Dismiss, to which Petitioner has replied. (ECF No. 1, 13, 14). Also before the Court is Petitioner's motions for an evidentiary hearing (ECF No. 15, 26), Motion to Stay (ECF No. 18), and Motion to Amend (ECF No. 21).

For the reasons stated below, Respondent's Motion to Dismiss is **GRANTED** and the Petition is **DISMISSED** as time-barred pursuant to 28 U.S.C. § 2241(d)(1). Petitioner's remaining motions are **DENIED**.

## I. PROCEDURAL HISTORY

### A. State Trial Proceedings

On June 30, 1993, the Franklin County, Ohio grand jury returned a seven-count indictment charging Petitioner with four counts of rape, two counts of gross sexual imposition, and one count of kidnapping. (ECF No. 10, Ex. 1). Petitioner entered a plea of not guilty to the charges in the indictment.

On October 4, 1999, following a jury trial, Petitioner was found guilty on all counts of the indictment.  (ECF No. 10, Ex. 4).  Although during the sentencing hearing, the trial court sentenced Petitioner to life in prison based on the four rape convictions[1] (*see* ECF No. 10-4, Tr. at PageID 2113), the December 15, 1999 judgment entry stated that Petitioner was sentenced to an aggregate prison sentence of ten years in the Ohio Department of Rehabilitation and Correction.  (ECF No. 10, Ex. 5 at PageID 68).  As discussed below, on July 6, 2001, the trial issued a corrected judgment entry reflecting that Petitioner was sentenced to consecutive sentences of life-imprisonment for each of the four rape convictions, ten years for the kidnapping offense, and five years each for the two counts of gross imposition.  (ECF No. 10, Ex. 28 at PageID 248).

**B.    Direct Appeal**

Petitioner, through new counsel, appealed the trial court judgment to the Ohio Court of Appeals.  (ECF No. 10, Ex. 7, 8).  On September 21, 2000, the Ohio appeals court overruled Petitioner's assignments of error and affirmed the judgment of the trial court.  (ECF No. 10, Ex. 10).

Petitioner, through different counsel, appealed to the Ohio Supreme Court, which *sua sponte* dismissed the appeal on February 7, 2001.  (ECF No. 10, Ex. 11, 12).

On April 6, 2021, more than twenty years later, Petitioner filed a motion to dismiss his direct appeal for lack of jurisdiction and to stay his sentence.  On April 13, 2021, the Court of

---

[1] With respect to Petitioner's sentence, the trial court stated: "On the four rape charges, I will impose a sentence of life imprisonment.  On the kidnapping charge, I will impose a sentence of 10 years in the state penitentiary.  And on the two GSI, I will impose sentences of 5 years in the state penitentiary.  All those sentences, because of the nature of the incidents, will run concurrent."  (ECF No. 10-4, Tr. at PageID 2113-2114).

Appeals ordered the two motions stricken from the file, finding the motions were not proper pleadings in the final and closed appeal.  (ECF No. 10, Ex. 206).  Petitioner appealed to the Ohio Supreme Court, which declined to accept jurisdiction over the appeal on August 17, 2021.  (ECF No. 10, Ex. 209).

### C.     Motions for New Trial

On June 12, 2000, while his direct appeal was pending, Petitioner filed a motion for a new trial, which the trial court overruled on June 29, 2000.  (ECF No. 10, Ex. 13, 14).  Petitioner also filed a post-conviction petition on August 22, 2000, followed by a motion for leave to file a delayed motion for a new trial on March 1, 2001, and a motion for summary judgment on the post-conviction motion on March 27, 2001.  (ECF No. 10, Ex. 15, 18, 19).  The trial court overruled these motions on April 5, 2001.  (*See* ECF No. 10, Ex. 21, 22). [2]

Petitioner did not appeal the trial court's rulings.

### D.     Amended Sentencing Entry

On April 17, 2001, the State of Ohio filed a motion to amend Petitioner's sentencing entry to correct a clerical error.  (ECF No. 10, Ex. 24).  Specifically, the State requested that the sentencing entry be amended to show "a term of life incarceration on each of Counts One, Two, Three and Four," the four counts of rape of which Petitioner was convicted.  (*Id.* at PageID 238).  On May 23, 2001, the trial court sustained the motion and executed a corrected judgment entry.  (ECF No. 10, Ex. 26).  A second corrected judgment entry issued on July 6, 2001. (ECF No. 10,

---

[2] On May 7, 2001, after the trial court's ruling, Petitioner filed a "Motion to Strike Prosecution's Response as untimely." (ECF No. 10, Ex. 29). It appears that Petitioner sought to strike the State's response to his August 22, 2000 post-conviction petition.  (*See id.* at PageID 261). The motion was denied by the trial court on May 25, 2001. (ECF No. 10, Ex. 31).

Ex. 28). The corrected judgment entry reflected that Petitioner was sentenced to concurrent life imprisonment sentences for each of the four rape convictions. (*See id.* at PageID 249).

**E.      Post-Conviction Motions**

On June 27, 2001, Petitioner filed a petition to vacate or set aside sentence, which was denied by the trial court as untimely on July 27, 2001. (ECF No. 10, Ex. 33, 35).

On July 6, 2001, Petitioner filed a motion to renew all motions. (ECF No. 10, Ex. 36). Petitioner also filed motions to receive findings of facts and conclusions of law on June 22, 2001, and June 26, 2001. (*See* ECF No. 37 at PageID 282). On July 23, 2001, the trial court issued an entry including finding of facts and conclusions of law. The trial court construed Petitioner's motion as a petition for post-conviction relief, denied the motion, and overruled all other pending motions submitted by Petitioner. (*Id.*).

On August 15, 2001, Petitioner filed a third petition for post-conviction relief (ECF No. 10, Ex. 38). On November 28, 2001, the trial court overruled this petition. (ECF No. 10, Ex. 41).

Petitioner did not appeal from the judgments of the trial court.

**F.      2002 Motion for New Trial**

On March 6, 2002, Petitioner filed a motion for a new trial pursuant to Ohio Crim. R. 33(A)(1). (ECF No. 10, Ex. 42). The trial court overruled the motion as untimely on March 7, 2002. (ECF No. 10, Ex. 43).

Petitioner appealed to the Ohio Court of Appeals, which affirmed the judgment of the trial court on December 12, 2022, finding Petitioner's motion to be untimely and determining that Petitioner failed to demonstrate that he was unavoidably prevented from discovering the

4

testimony underlying the motion with the 120-day time period set forth in Crim.R. 33.  (ECF No. 10, Ex. 47 at PageID 365).

Petitioner did not appeal to the Ohio Supreme Court.

**G.    Application to Reopen**

On June 28, 2002, Petitioner filed an application to reopen his direct appeal pursuant to Ohio App. R. 28(B).  (ECF No. 10, Ex. 51).  Petitioner, through appointed counsel, argued that his appellate counsel was ineffective for failing to challenge the sufficiency of evidence or to raise trial counsel's alleged ineffectiveness on direct appeal.  On January 9, 2003, the Ohio Court of Appeals denied this application. [3]  (ECF No. 10, Ex. 53).

Petitioner did not appeal the decision to the Ohio Supreme Court.

**H. Remaining State-Court, Post-Conviction Motions**

In the intervening twenty years before Petitioner filed the instant habeas corpus action, he filed a multitude of post-conviction motions in the state courts, all of which were denied by the Ohio courts.  (*See* ECF No. 13 at PageID 2157–69).

On April 9, 2003, Petitioner filed a motion for an evidentiary hearing, which was denied by the trial court on May 12, 2003.  (ECF No. 10, Ex. 54, 55).  Petitioner appealed to the Ohio Court of Appeals.  On December 19, 2003, the Ohio appeals court dismissed the case for lack of jurisdiction, finding the trial court's ruling to not be a final appealable order.  (ECF No. 10, Ex. 56, 59).  Petitioner did not appeal the decision to the Ohio Supreme Court.

On June 9, 2004, Petitioner next filed a motion seeking to declare his conviction

---

[3] Although the Ohio appeals court determined that the application was untimely, it found sufficient grounds to accept and review the application.  (*Id.* at PageID 430).

constitutionally invalid. (ECF No. 10, Ex. 60). The State filed a response in opposition to this motion on June 25, 2004, arguing that the motion was untimely and seeking an injunction requiring Petitioner to seek leave of court from filing further motions. (ECF No. 10, Ex. 61). Petitioner thereafter filed a motion for an evidentiary hearing. (ECF No. 10, Ex. 62). It does not appear that the trial court ruled on these motions. (*See* ECF No. 10, Ex. 252 at PageID 2065).

In 2008, Petitioner filed a motion to contest reclassification (ECF No. 10, Ex. 64), a motion for a new trial (ECF No. 10, Ex. 69), a motion for relief from judgment (ECF No. 10, Ex. 72), a motion for summary judgment (ECF No. 10, Ex. 74), and a state-court habeas corpus petition. (ECF No. 10, Ex. 145). On January 27, 2009, the trial court denied Petitioner's motion for relief from judgment, motion for new trial, and summary judgment motion.[4] (ECF No. 10, Ex. 77). The trial court found the summary judgment improperly filed in a criminal proceeding and the remaining motions untimely. Petitioner's habeas petition was dismissed on January 22, 2009. (ECF No. 10, Ex. 146). Petitioner did not appeal these decisions of the trial court.

In 2009 and 2010, Petitioner filed a motion to amend his sentencing entry (ECF No. 10, Ex. 78) and a motion to impose valid sentence. (ECF No. 10, Ex. 87). Both motions were denied. (ECF No. 10, Ex. 79, 89). Petitioner appealed the denial of the motion to impose valid sentence to the Ohio Court of Appeals, which affirmed the judgment of the trial court on April 11, 2011. (ECF No. 10, Ex. 96). Petitioner filed a motion for reconsideration, but did not seek

---

[4] Petitioner also filed a January 18, 2008 petition to contest reclassification, which was stayed on March 26, 2008. (ECF No. 10, Ex. 64, 65). The stay was premised on a then-pending class action challenging provisions of Ohio's Adam Walsh Act, which the trial court noted may be dispositive of the issues raised in Petitioner's case. (*See* ECF No. 10, Ex. 65 at PageID 515). Petitioner filed an unsuccessful motion to remove the stay on October 11, 2011, which was denied by the trial court on the basis that Petitioner had since had his sentence and classification upheld by the Ohio Court of Appeals on multiple occasions. (*See* ECF No. 10, Ex. 107 at PageID 885).

further review in the Ohio Supreme Court. (*See* ECF No. 10, Ex. 115, 119).

In 2011–2015, Petitioner filed a motion to vacate and discharge (ECF No. 10, Ex. 98); a motion to discharge for the improper use of *nunc pro tunc* entries (ECF No. 10, Ex. 101); a motion to appoint an investigator (ECF No. 10, Ex. 120); a motion for a new trial (ECF No. 10, Ex. 121); a motion for the court to take judicial notice (ECF No. 10, Ex. 122); a motion for bail (ECF No. 10, Ex. 125); a motion regarding the location of a witness (ECF No. 10, Ex. 130); a motion seeking discovery (ECF No. 10, Ex. 132); a motion to impose a sentence authorized by the felony sentencing guidelines (ECF No. 10, Ex. 136); and a state-court habeas corpus petition (ECF No. 10, Ex. 147). Petitioner was denied relief by the state courts. (ECF No. 10, Ex. 106, 113, 126, 129, 131, 135, 139, 144, 149, 156, 157, 161).

In 2018–2019, Petitioner filed three motions to vacate judgment (ECF No. 10, Ex. 162, 167, 176); a motion for resentencing (ECF No. 10, Ex. 179); and a mandamus action for the Ohio Parole Board to correct the record (ECF No. 10, Ex. 188). Petitioner's motions were all denied. (ECF No. 10, Ex. 166, 175, 178, 187, 194).

In 2020–2024, Petitioner filed a motions for home confinement and judicial release (ECF No. 10, Ex. 195, 196); a motion to impose a final appealable order (ECF No. 10, Ex. 199); a motion to stay his sentence (ECF No. 10, Ex. 202); a petition for removal of his sex offender classification (ECF No. 10, Ex. 225); a state-court petition for a writ of habeas corpus (ECF No. 10, Ex. 244); and a complaint for a writ of mandamus (ECF No. 10, Ex. 246). Petitioner was denied relief by the Ohio courts. (ECF No. 10, Ex. 198, 205, 231, 240, 243, 245, 249).

## I.      Delayed Appeal Motions

On January 11, 2022, and May 24, 2022, Petitioner filed notices of appeal and motions for leave to file a delayed appeal of the trial court's May 23, 2001 and July 6, 2001 amended sentencing entries.  (ECF No. 10, Ex. 210, 211, 220, 221).  The trial court determined that Petitioner failed to demonstrate a reasonable explanation for his failure to perfect a timely appeal and denied him leave to file a delayed appeal.  (ECF No. 10, Ex. 217 at PageID 1796, Ex. 224 at PageID 1838).  Petitioner did not seek further review in the Ohio Supreme Court.

## J.      Federal Habeas Corpus

On December 26, 2023,[5]—more than *twenty-three years* after his state-court convictions—Petitioner commenced the instant federal habeas corpus action.  Petitioner raises the following three grounds for relief in the petition:

> **GROUND ONE**:  Denied the protections of the first right of appeal that set the law-of-the-cases/res judicata of the December 15, 1999 sentencing entry.  The May 23, 2001, May 23, 2001, and July 6, 2001 entries a total of three (3) Nunc pro tunc entries.  All entries violate the law of the case doctrine/res judicata.
>
> Article IV of the Ohio Constitution designates a system of "superior" and "inferior" courts, each possessing a distinct function.  The Constitution does not grant to a court of common pleas jurisdiction to review a prior mandate of a court of appeals.
>
> **GROUND TWO**: Petitioner was denied the protection of Double Jeopardy, multiple punishments of the same offense in separate proceedings.  The May 23, 2001, May 23, 2001, and July 6, 2001 entries a total of three (3) Nunc pro tunc entries entered after finality of law of the case/res judicata set.

---

[5]  The Petition was received by the Court on January 24, 2024.  (*See* ECF No. 1).  Petitioner avers, however, that he placed the Petition in the prison mailing system for delivery to the Court on December 26, 2023.  (*See* ECF No. 1 at PageID 5).  Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the Petition was "filed" on December 26, 2023.

**GROUND THREE:** Ineffective assistance of counsel, severely jeopardized and/or overruled/violated my first right of appeal finality protections.  And abandonment of petitioner through the Nunc pro tunc process.

(ECF No. 1 at PageID 4).

Respondent has filed a Motion to Dismiss the Petition (ECF No. 13), to which Petitioner has replied.  (ECF No. 14).

## II.  THE PETITION MUST BE DISMISSED AS UNTIMELY.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) or (C) apply to Petitioner's grounds for relief.  Petitioner has not alleged that the State created impediment that prevented him from filing the instant Petition or that his claims

9

are governed by a newly recognized constitutional right made retroactively applicable to his case.

Under § 2244(d)(2)(A), Petitioner's grounds for relief became final on May 8, 2001, when the ninety-day period expired for filing a petition for a writ of certiorari to the United States Supreme Court from the Ohio Supreme Court's February 7, 2001 entry declining jurisdiction to hear Petitioner's appeal.[6]  *See Lawrence v. Florida*, 549 U.S. 327, 333–34 (2007) (citing *Clay v. United States,* 537 U.S. 522, 527–28 (2003), as support for the conclusion that in contrast to the tolling provision set forth in 28 U.S.C. § 2244(d)(2), "direct review" for purposes of determining finality under § 2244(d)(1)(A) includes the time for seeking review in the United States Supreme Court).[7]

---

[6] Petitioner has argued that his Petition is based upon his 2023 mandamus petition filed in the Ohio Supreme Court, seeking an order for the trial court to "Enforce the Law of the Case."  (*See* ECF No. 15 at PageID 2186; ECF No. 14 at PageID 2178; ECF No. 10, Ex. 246).  To the extent that Petitioner claims he is entitled to habeas relief based on errors by the Ohio courts in the adjudication of his post-conviction petitions, his claim is not cognizable in federal habeas corpus.  *See Greer v. Mitchell,* 264 F.3d 663, 681 (6th Cir. 2001) ("habeas corpus is not the proper means by which prisoner should challenge errors or deficiencies in state post-conviction proceedings").

[7] The trial court's July 6, 2001 corrected judgment entry—correcting a clerical error in the initial judgment entry to reflect the sentence imposed during Petitioner's sentencing hearing (*see supra* n.1)—does not constitute a new judgment that would reset the limitations period in this case.  *See Crangle v. Kelly*, 838 F.3d 673 (Sept. 22, 2016). *See also* ECF No. 10, Ex. 113 ("The trial court filed two amended sentencing entries in 2001.  These entries are more accurately described as nunc pro tunc entries because the trial court corrected the entries to reflect the sentences court actually imposed at appellant's sentencing hearing.").  "[A] *nunc pro tunc* order [that] merely correct[s] a record to accurately reflect the court's actions merely correct[s] a record to accurately reflect that court's actions . . . would not be a new sentence that resets the statute of limitations under § 2244(d)(1)(A)."  *Id.* at 680.

Even if the corrected judgment entries—correcting the judgment entry to reflect the sentence imposed at the sentencing hearing—could constitute a new judgment restarting the limitations period, the Petition is still untimely filed because Petitioner failed to appeal from the corrected judgment entry.  In this circumstance, under § 2244(d)(1)(A), his conviction became final on August 5, 2001, when the 30-day period expired for filing an appeal to the Ohio Court of Appeals.  *See* Ohio R. App. P. 4(A).  The statute commenced running on August 6, 2001, the day after Petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later, on August 6, 2002, absent the application of statutory or equitable tolling principles.  Thus, for the reasons stated below, even if the limitations period began to run on August 6, 2001 (as opposed to July 6, 2001), the Petition is untimely by approximately twenty years.

However, because Petitioner's grounds for relief are all based on the trial court's May 23, 2001 and July 6, 2001 *nunc pro tunc* corrected judgment entries, under § 2244(d)(2)(D), the statute of limitations began to run from July 6, 2001, the date on which the factual predicate of Petitioner's claims could have been discovered through the exercise of due diligence.[8]  The statute commenced running on July 7, 2001, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on July 7, 2002, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, Petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review.  *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003).  "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run."  *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).  Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar.  *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing.  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  State post-conviction or collateral review applications

---

[8] Review of the record reflects that Petitioner was informed of the corrected judgment entry by June 27, 2001, at the latest.  (*See* ECF No. 10, Ex. 33 at PageID 270 (raising a due process claim based on the first corrected judgment entry, acknowledging that "the Court has now changed my sentence from 10 yrs. to 4 life terms")).

rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5–6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413–14 (2005); *Vroman,* 346 F.3d at 603.

In this case, Petitioner was entitled to statutory tolling based on his July 6, 2001 post-conviction petition, which remained pending until July 23, 2001. (*See* ECF No. 10, Ex. 36, 37). The limitations period ran 23 days, before Petitioner filed his August 15, 2001 post-conviction petition. (*See* ECF No. 10, Ex. 38). On November 28, 2001, the trial court denied the petition. (ECF No. 10, Ex. 41). The limitations period ran for another 211 days—from November 29, 2001, through June 28, 2002—when Petitioner filed his application to reopen his direct appeal. The Ohio Court of Appeals denied the application on January 9, 2003.[9] (ECF No. 10, Ex. 51, 53). The limitations then period ran for an additional 90 days, before Petitioner filed his April 9, 2003 motion for an evidentiary hearing and appeal, which remained pending until December 18, 2003. (ECF No. 10, Ex. 54, 59). The limitations period ran the remaining 41 days and expired on January 29, 2004. Because Petitioner did not file his federal habeas petition until December 26, 2023, *nearly twenty years later*, the Petition is time-barred unless equitable tolling principles apply in this case.

AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d

---

[9] Petitioner is not entitled to statutory tolling based on his March 6, 2002 motion for a new trial, which was denied as untimely (ECF No. 10, Ex. 43) and therefore not "properly filed." *See Allen,* 552 U.S. at 5–6, *Pace,* 544 U.S. at 413–14.

745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling. First, Petitioner has not shown that he has been diligent in pursuing his federal habeas relief. Rather, notwithstanding Petitioner's filing of numerous motions and petitions in the state courts, he waited *more than 22 years* after the State trial court's July 6, 2001 corrected judgment entry to file his habeas Petition. *See* Vroman *v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence").[10]

---

[10] Petitioner contends that the trial court's corrected judgment entries "did not start to cause harm until the day after June 16, 2009, when the Final Judgment Entry of December 15, 1999 Sentence expired." (ECF No. 15 at PageID 2187). However, even accepting Petitioner's argument, Petitioner still waited an additional *fourteen years* to file his habeas petition. Such a delay clearly demonstrates a lack of diligence in pursuing his federal rights. *Vroman*, 346 F.3d at 605.

Second, Petitioner has neither argued nor demonstrated that he was prevented by some extraordinary circumstance from seeking relief in a timely manner. In response to the motion to dismiss, Petitioner contends he lacked notice of the filing requirements and "is studying constantly to better understand law." (ECF No. 14 at PageID 2180). To the extent that Petitioner contends he is entitled to equitable tolling based on his *pro se* status, his position is unavailing. Rather, it is well settled in the Sixth Circuit that a petitioner's *pro se* status, lack of legal knowledge, or lack of access to legal materials are not sufficient to warrant equitable tolling. *See, e.g., Hall,* 662 F.3d at 750–51 (rejecting the petitioner's argument that he was entitled to equitable tolling because of his lack of access to the trial transcript, as well as his *pro se* status and limited law-library access); *see also Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)) ("this court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling'"). Petitioner has therefore failed to demonstrate that he is entitled to equitable tolling.

Finally, Petitioner has not demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). The actual-innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Schlup*, 513 U.S. at 321). Accordingly, to establish a credible claim of actual innocence, Petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be

14

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Schlup,* 513 U.S. at 324.

Petitioner has made no such showing.  As discussed below, Petitioner has filed a Motion to Amend his Petition to include a *Brady* claim based on the alleged "suppressed statements of prosecutions witness" Angelic Kennedy.  (ECF No. 21 at PageID 2221).  As Respondent points out, Petitioner raised this issue in his February 27, 2012 Motion Seeking a New Trial.  (*See* ECF No. 10, Ex. 121).  Here, in addition to asserting a criminal conspiracy amongst the prosecutor and judge in his criminal trial, Petitioner again speculates that the prosecution willfully suppressed Kennedy's testimony that the victim's parents paid the victim to say she was raped.[11] (*See* ECF No. 20 at PageID 2212).  According to Petitioner, the testimony should have been disclosed "so the jury could have made a better informed decision."  (*Id.* at PageID 2213).

However, even assuming the evidence Petitioner offered is "new," it constitutes, at most, impeachment evidence of the victim's trial testimony, which "is insufficient to establish a gateway claim of actual innocence."  *See Plaza v. Hudson*, No. 1:07-CV-674, 2008 WL 5273899, at *10 (N.D. Ohio Dec. 17, 2008) (citing *Webb v. Bell,* No. 2:07-CV-12689, 2008 WL 2242616 (E.D. Mich. May 30, 2008) ("Evidence which merely impeaches a witness is insufficient to support a claim of actual innocence.")).  *See also Sawyer v. Whitley*, 505 U.S. 333, 349 (1992) ("This sort of latter-day evidence brought forward to impeach a prosecution witness will seldom, if ever, make a clear and convincing showing that no reasonable juror would have

---

[11] In support of these arguments, Petitioner includes an August 27, 2024 affidavit from Kennedy.  (ECF No. 25 at PageID 2237–38).  Plaintiff also included a similar document labeled Affidavit in support of his February 27, 2012 motion seeking a new trial.  (*See* ECF No. 10, Ex. 121).  In overruling the motion, the trial court noted that the document was not notarized and that Petitioner otherwise failed to meet the required standard under Crim. R. 33(B).  (*See* ECF No. 10, Ex. 126 at PageID 999).

believed the heart of [the witness's] account of petitioner's actions."). *Cf. Gardner v. Mich.*, No. 13-cv-15051, 2014 WL 5481324, at *7 (E.D. Mich. Oct. 29, 2014) ("Although Petitioner has presented extensive evidence that he claims could impeach the victims' credibility and establish that they committed perjury, a habeas petitioner's renewed attacks on a witness' credibility are insufficient to establish actual innocence for the purposes of excusing a procedural bar.") (citing cases). Petitioner has therefore failed to make a showing of actual innocence that would allow the Court to consider his time-barred claims.

Accordingly, for the reasons set forth above, the instant federal habeas corpus Petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d), the limitations period began to run on July 6, 2001, and expired on January 29, 2004. Because Petitioner has not demonstrated that he is entitled to equitable tolling or made a showing of actional innocence, his Petition, filed on December 26, 2023, is time-barred.

Respondent's Motion to Dismiss (ECF No. 13) is therefore **GRANTED** and the Petition (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

### III. MOTIONS TO AMEND, STAY, AND FOR AN EVIDENTIARY HEARING

After Respondent filed the subject Motion to Dismiss, Petitioner filed a motion seeking to amend his habeas petition to include a *Brady* claim based on his allegation that the prosecution suppressed the statements of prosecution witness, Angelic Kennedy. (ECF No. 21). Petitioner has also filed a Motion to Stay (ECF No. 18), seeking a stay to allow him to pursue his *Brady* claim in the state courts. (*See* ECF No. 20 at PageID 2212, 2217. *See also* ECF No. 25 at PageID 2235). Finally, Petitioner has filed two motions for an evidentiary hearing. (ECF No.

16

15, 26).

Amendments to habeas corpus petitions are governed by Fed. R. Civ. P. 15, which requires that the Court consider, amongst other factors, whether the amendment would be futile. *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998). *See also Moss v. U.S.*, 323 F.3d 445, 476 (6th Cir. 2003) ("the district court may deny leave to amend if the proposed amendment would be futile."). In the habeas corpus context, "amendments are futile where they seek to add claims that are time-barred, procedurally defaulted, or lack merit." *Rouse v. Delbaso*, No. 16-6451, 2021 WL 11511516, at *1 n.1 (E.D. Pa. Mar. 15, 2021). *See Smith v. Brunsman*, 626 F.Supp.2d 786, 796 (S.D. Ohio Feb. 27, 2009) (denying leave to amend a habeas petition because adding procedurally defaulted claims would be futile); *Baldwin v. Warden,* Case No. 1:07-cv-1018, 2009 WL 1024574, at *9 (S.D. Ohio Apr. 15, 2009 (finding amendment to be futile based on the original petition being time barred). "Under Fed. R. Civ. P. 15(c), an otherwise time-barred amendment to a pleading is permitted only if it relates back to the date of the original [timely] pleading." *Long v. Warden*, No. 1:06-cv-787, 2009 WL 3169964, at *9 (S.D. Ohio Sept. 28, 2009). In federal habeas corpus proceedings, an amendment to the petition to add untimely claim is only permitted where the proposed claims "arise from the same core facts as the timely filed claims, and not when the new claims depend on events separate in both time and type from the original raised episodes." *Mayle v. Felix*, 545 U.S. 644, 657 (2005).

Here, Petitioner's Motion to Amend must be denied as futile. As an initial matter, Petitioner's proposed *Brady* claim is time-barred. Petitioner raised his claim regarding Kennedy's testimony in his February 27, 2012 motion seeking a new trial (*see* ECF No. 10, Ex. 121) and did not file the instant action until December 23, 2023, more than eleven years later.

Further, for the reasons provided above, Petitioner's original petition is itself time-barred, and the proposed *Brady* claim does not relate back to the *nunc pro tunc* claims presented in his Petition.  *See Baldwin,* 2009 WL 1024574, at *9 (S.D. Ohio Apr. 15, 2009) ("[W]here, as here, the original petition is itself barred by the statute of limitations, relation back of an amended petition would still be time-barred and amendment would be denied as futile.").  Because Petitioner's proposed amendment does not relate back to any timely filed claims and is consequently futile, Petitioner's Motion to Amend (ECF No. 21) is **DENIED.**

Further, Petitioner's Motion to Stay (ECF No. 18), premised on the proposed *Brady* claim, is also **DENIED.**

Finally, in light of the dismissal of this action as time-barred, Petitioner's motions for an evidentiary hearing (ECF No. 15, 26) are **DENIED.**

## IV.  DISPOSITION

1.  Respondent's Motion to Dismiss (ECF No. 13) is **GRANTED**, and the Petition is **DISMISSED WITH PREJUDICE** on the ground that the Petition is time-barred under 28 U.S.C. § 2244(d).  Petitioner's motions for an evidentiary hearing (ECF No. 15, 26), Motion to Stay (ECF No. 18), and Motion to Amend (ECF No. 21) are **DENIED**. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on the Court's docket.

2.  In addition, the Court **DECLINES** to issue a certificate of appealability with respect to any of the claims for relief alleged in the Petition, based upon the determination that the claims are barred from review on a procedural ground, and because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural

18

ruling.[12]

    3.  Finally, as to any application Petitioner files to proceed on appeal *in forma pauperis,* the Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Opinion and Order would not be taken in "good faith," and will **DENY** Petitioner leave to appeal *in forma pauperis* even upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


      **IT IS SO ORDERED.**


          /s/ *Algenon L. Marbley*
          ALGENON L. MARBLEY
          UNITED STATES DISTRICT JUDGE

---

[12] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether Petitioner has stated a viable constitutional claim in his time-barred grounds for relief.  *See Slack,* 529 U.S. at 484.